IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-60247
Conference Calendar
_____

VANESSA WILBURN,

Plaintiff-Appellant,

versus

TOWN OF CRAWFORD,

Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 1:98-CV-382-JAD
--------------------
December 13, 2000

Before DAVIS, STEWART, and PARKER, Circuit Judges.

PER CURIAM:[*]

Vanessa Wilburn filed a civil rights complaint against the
Town of Crawford, Mississippi, alleging false arrest, malicious
prosecution, and intentional infliction of emotional distress.
The case proceeded to trial before the magistrate judge, who
granted the Town's motion for a judgment as a matter of law at
the close of all of the evidence.  Wilburn filed a timely notice
of appeal.

Wilburn's brief consists almost entirely of a recitation of
the standard of review following the grant of a judgment as a

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

matter of law.  She argues, without elaboration, that there was substantial evidence in support of her claims, but does not cite to that part of the record which allegedly supports those claims. Nor does she cite any authority in support of her contentions.

Arguments must be properly briefed in order to be preserved. See Yohey v. Collins, 985 F.2d 222, 225 (5th Cir. 1993).  The appellant's brief must contain an argument, which in turn must contain his "contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies."  Fed. R. App. P. 28(a)(9); see Yohey, 985 F.2d at 225. Issues not adequately argued in the body of the brief are deemed abandoned.  Yohey, 985 F.2d at 224-25.

Wilburn has not adequately briefed any issue for appeal and thus has abandoned her claims on appeal.  See Yohey, 985 F.2d at 224-25.  The appeal is DISMISSED.  5th Cir. R. 42.3.2.